UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 2:04CR58-PPS |
| | ) |
| CHARLES STEELE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

In May of 2004, Charles Steele participated in the armed robbery of Bob's Shrimp, a restaurant in Hammond, Indiana. In this court, Steele pled guilty to a charge of being a felon unlawfully in possession of firearms in violation of both 18 U.S.C. §922(g)(1) and the Armed Career Criminal Act, 18 U.S.C. §924(e)(1). I sentenced Steele to 15 years, the mandatory statutory minimum term of imprisonment applicable under the ACCA. Steele was also convicted of robbery under Indiana law and received a sentence of 15 years on that related conviction. According to the Bureau of Prisons' Inmate Locator information, Steele's projected release date is December 15, 2025.

Several efforts to shorten Steele's sentence have been unsuccessful. A motion to vacate under 28 U.S.C. §2255 was denied in November of 2016. [DE 60.] Steele filed a notice of appeal but the Seventh Circuit granted the government's motion for summary affirmance. [DE 69.] A letter from Steele in October 2020 was construed as a motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i). [DE 70, 73, 74.] I denied the motion in January 2021. [DE 81.] Now before me is Steele's "'Renewed' Motion for

Compassionate Release Under the First Step Act of 2018 and 3553(a)(6) Sentencing Factors, Unwarranted Sentence Disparities." [DE 87.] The matter has now been fully briefed and is ripe for decision. Again I am unpersuaded to grant Steele any relief.

The motion explains that Steele "is now coming back to the Court to request reconsideration under 18 U.S.C. 3582(c)(2)." DE 87 at 1. This is a different authority than his previous typical so-called "compassionate release" motion under §3682(c)(1)(A)(i). The circumstances governed by §3582(c)(2) involve retroactive application of "a sentencing range that has subsequently been lowered by the Sentencing Commission... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Steele requests that "this Court ...allow him to be resentenced as if the [First Step Act of] 2018 were in effect back in 2005," when he was originally sentenced. [DE 87 at 2.] This, Steele believes, would allow his federal sentence to be run concurrent with his Indiana state sentence, qualifying him for immediate release from incarceration. [*Id.*]

*United States v. Coleman*, 382 F.Supp.3d 851 (E.D.Wisc. 2019) is a case Steele relies on in support of retroactive application of U.S.S.G. §5G1.3 as amended in 2013 to determine eligibility for concurrent sentences. Steele misunderstands what *Coleman* stands for. As the court in *Coleman* observes, the First Step permits resentencing of defendants convicted of cocaine base offenses committed prior to the Fair Sentencing Act of 2010. *Id*. at 855, 857. The decision plainly holds that defendant Coleman was not entitled to resentencing consideration on his convictions for two firearms charges, but

2

only for the count charging possession of cocaine base with intent to distribute. *Id*. at 859.  Steele's firearms conviction under 18 U.S.C. §922(g)(1) in this case is not within the scope of §404(b) of the First Step Act.

Steele's reliance on *Concepcion v. United States*, 142 S.Ct. 2389 (2022), is similarly misplaced.  The Supreme Court's decision is predicated on the First Step Act's authorizing "district courts to reduce the prison sentences of defendants convicted of certain offenses involving crack cocaine." *Id*. at 2396.  Only in that context does the court consider whether "a district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines)...." *Id*.  *Concepcion* does not expand the availability of resentencing generally, and, given the nature of his conviction, does not offer any support for Steele's request for a sentence modification.

Steele also argues that Amendment 798 to the Sentencing Guidelines in 2016 has impacted whether burglary counts as a predicate offense for purposes of Armed Career Criminal status, so that his sentence can be amended to omit ACCA enhancements.  [DE 87 at 3.]  Section 3582(c)(2) authorizes resentencing only for application of particular Sentencing Guidelines amendments that have been made retroactive, and U.S.S.G. §1B1.10 defines which amendments can be applied retroactively.  *See Belton v. United States*, 71 Fed.Appx. 582, 583 (7th Cir. 2003).  The Sentencing Commission has not included Amendment 798 in the list of amendments to be applied retroactively pursuant to §3582(c)(2).  *See* U.S.S.G. §1B1.10(d).

Although I interpret Steele's motion to be made principally under §3582(c)(2) because of its focus on retroactive application of changes to the Sentencing Guidelines, Steele does also refer several times to "compassionate release." I will give only brief attention to a request for relief under §3582(c)(1)(A)(i). I will assume without deciding that Steele satisfies the provision's exhaustion requirement for the reasons he belatedly explains in his reply. [DE 92 at 2.] Next, the fact that Steele's agreed-to sentence was the statutory mandatory minimum largely defeats a petition for relief under §3582(c)(1)(A)(i). The Seventh Circuit has quoted the Tenth Circuit on this point: "Indeed, the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence." *United States v. Maumau*, 993 F.3d 821, 838 (10th Cir. 2021), quoted in *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). The court went on to say that it "harbor[s] broader concerns with allowing §3582(c)(1)(A) to serve as the authority for relief from mandatory minimum sentences prescribed by Congress." *Id*.

I would also deny a reduction of sentence under §3582(c)(1)(A)(i) because Steele's particular arguments for a modification of his sentence are not "extraordinary and compelling reasons" as contemplated by that provision. Steele is making legal arguments about the possible computation of his sentence under amended U.S. Sentencing Guidelines, not presenting circumstances that warrant a "compassionate" reconsideration of his sentence. The Seventh Circuit has warned against reading §3582(c)(1)(A)(ii) to allow an early release based on an argument that a defendant's

4

sentence "rests on a misguided view of the purposes of sentencing." *Thacker*, 4 F.4th at 574-75. *See also United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (non-retroactive statutory changes or new judicial decisions cannot be relied upon to establish extraordinary or compelling reasons for relief under §3582(c)(1)(A)(i)).

At the very conclusion of his reply memorandum, Steele averts to the rise of new variants of COVID-19, his high blood pressure, his need for shoulder surgery, and his completion of anger management and drug treatment classes. None of these circumstances, whether considered individually or collectively – is shown to rise to the level of "extraordinary" or "compelling" so as to support consideration of an early release from his sentence.

Finally, if I reached that stage, considering the sentencing factors under §18 U.S.C. §3553(a) would not support the conclusion that a sentence reduction is appropriate, particularly in view of Steele's agreement to the sentence I originally imposed. Arguments about sentencing disparity wither in light of the fact that the term of imprisonment was a statutory mandatory minimum, commensurate with those of other defendants with similar prior criminal histories. I refer to my previous opinion denying Steele's first motion for compassionate release, in which I revisited the seriousness of the offense in this case, as well as Steele's criminal history, including five prior burglary convictions and a reckless homicide, and noted my disinclination to grant him any earlier release than his original sentence would afford. [DE 81 at 4-5.] That conclusion still pertains.

Charles Steele's "Renewed" motion makes erroneous assumptions about who is eligible for resentencing to benefit from changes to the Sentencing Guidelines applied retroactively. He is not. Giving his arguments the benefit of my most generous construction, and considering them under both §3582(c)(1)(A)(i) and §3582(c)(2), I find no basis for modifying Steele's sentence, the mandatory statutory minimum to which he agreed in a binding Rule 11(c)(1)(C) plea. Steele is finally nearing the end of a long road. His efforts during imprisonment to better himself are admirable, and I hope all of them provide him with measurable benefits as he transitions to life beyond prison. Although I cannot hasten the day of his release, I wish him the best.

**ACCORDINGLY:**

Charles Steele's "Renewed" Motion for Compassionate Release Act [DE 87] is DENIED.

The Clerk shall provide a copy of this order to Steele at the institutional address from which his motion was sent.

**SO ORDERED** this 22nd day of May, 2023.

/s/ Philip P. Simon
**UNITED STATES DISTRICT JUDGE**